**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30377 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00335-RSL-1 |
| v. | |
| JAMES N. SCHWEDA, AKA Bud Weather, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted January 9, 2012
Seattle, Washington

Before: GRABER, FISHER, and RAWLINSON, Circuit Judges.

Appellant James Nathan Schweda (Schweda) challenges his convictions and

sentence for conspiracy to distribute lysergic acid diethylamide (LSD) and

distribution of LSD.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court properly denied Schweda's motion to dismiss the indictment because the government's conduct was not "so grossly shocking and so outrageous as to violate the universal sense of justice. . . ." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011), *as amended* (citation omitted). Any misstatements made during the first grand jury proceeding were corrected in the second grand jury proceeding that was completely redone. Dismissal of the indictment was not warranted. *See id.*

**2.** Schweda waived his Speedy Trial Act claim "by failing to move for dismissal before trial. . . ." *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1132 (9th Cir. 2005), *as amended*, 416 F.3d 939 (9th Cir. 2005) (citations omitted). Even if he did not, his right to a speedy trial was not violated. Schweda consented to the continuance and failed to demonstrate the requisite prejudice. *See United States v. Drake*, 543 F.3d 1080, 1085-86 (9th Cir. 2008).

**3.** There was sufficient evidence supporting Schweda's convictions, as the evidence demonstrated that Schweda fronted LSD to a co-conspirator to sell in substantial quantities. *See United States v. Mincoff*, 574 F.3d 1186, 1193 (9th Cir. 2009) ("[E]vidence of fronting may support a conviction for conspiracy to

distribute a controlled substance."). It was within the province of the jury to credit the testimony of Schweda's co-conspirators on these issues. *See United States v. Lindsey*, 634 F.3d 541, 552 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2475 (2011).

4.    The district court did not err in denying Schweda's request for safety valve relief because Schweda refused to provide complete and honest information concerning his involvement in the conspiracy to distribute LSD. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1106 (9th Cir. 2007) ("A defendant might . . . agree to a proffer but refuse to answer questions or answer them evasively, even though the Government believes (or knows) that the defendant's involvement in the criminal conduct was more extensive than the proffer suggests. Such behavior would not constitute good faith because it would not provide the Government with a truthful, complete disclosure. . . .") (citation omitted).

5.    Pursuant to the government's confession of error, we vacate the sentence and remand for the district court to correct the judgment to reflect a concurrent sentence of 60 months for the marijuana count. *See* 21 U.S.C. § 841(b)(1)(D) (providing for a maximum 60-month sentence for a conviction involving less than 50 kilograms of marijuana).

**CONVICTIONS AFFIRMED; SENTENCE VACATED and**

**REMANDED.**